# Exhibit A

FILED: SUFFOLK COUNTY CLERK 06/22/2021 10:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 611845/2021
RECEIVED NYSCEF: 06/22/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
MARIA S. ZUNIGA,

                                 Plaintiff,

    -against-

COSTCO WHOLESALE CORPORATION,

                                 Defendants.
-------------------------------------------------------------------X

Index No.

**SUMMONS**

The place of trial is designated in the caption of this matter. The basis of venue is:
The County where the Plaintiff(s) Reside
Plaintiff(s) reside in County of Suffolk and State of New York
To the above-named Defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated: Huntington, New York
          May 13, 2021

Yours, etc.,

ROBERT E. SCHLEIER, JR., ESQ.
**THE LAW OFFICE OF ROBERT E. SCHLEIER, JR. PLLC**
Attorneys for Plaintiff(s)
52 Elm Street, Suite 2
Huntington, New York 11743
(631) 421-0700

**TO:**

**COSTCO WHOLESALE CORPORATION**
Serve via:    NYS Secretary of State
Serve:        28 Liberty Street, New York, New York 10005
Serve also:   10 Garet Place, Commack, New York 11725

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------x
MARIA S. ZUNIGA,

                                       Plaintiff,

    -against-

COSTCO WHOLESALE CORPORATION,

                                       Defendants.
---------------------------------------------------------------x

Index No.

**VERIFIED COMPLAINT**

Plaintiff, MARIA S. ZUNIGA, by her attorneys, THE LAW OFFICE OF ROBERT E. SCHLEIER, JR., PLLC, complaining of the defendant, set forth and alleges as follows:

1. At all times hereinafter mentioned, plaintiff, MARIA S. ZUNIGA, is a resident of the County of Suffolk and State of New York.

2. Upon information and belief, at all times hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), was and still is a foreign business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant COSTCO, was and still is a foreign business corporation licensed to do and is doing business in the State of New York.

4. Upon information and belief, on July 15, 2018, defendant COSTCO, was the owner of the premises commonly known as "Costco Wholesale" located at 10 Garet Place, Commack, New York 11725, hereinafter "premises".

5. Upon information and belief, on July 15, 2018, defendant COSTCO, was in possession of the aforesaid premises.

FILED: SUFFOLK COUNTY CLERK 06/22/2021 10:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 611845/2021
RECEIVED NYSCEF: 06/22/2021

6. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees operated the aforesaid premises.

7. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees was a lessor of the aforementioned premises.

8. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees was a lessee of the aforementioned premises.

9. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees maintained the aforementioned premises.

10. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees controlled the aforementioned premises.

11. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees managed the aforementioned premises.

12. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees supervised the aforementioned premises.

13. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees organized the aisles inside the aforementioned premises.

14. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees oversaw the organization of the aisles inside of the aforementioned premises.

15. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees oversaw the placement of wooden pallets in the aisles inside of the aforementioned premises.

FILED: SUFFOLK COUNTY CLERK 06/22/2021 10:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 611845/2021
RECEIVED NYSCEF: 06/22/2021

16. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees had a duty to inspect the aisles inside of the aforementioned premises.

17. Upon information and belief, on July 15, 2018, defendant COSTCO, their agents, servants and/or employees failed to inspect the aisles inside of the aforementioned premises.

18. That it was the duty of the defendant, COSTCO, their agents, servants and/or employees to exercise reasonable care to keep the premises in a reasonably safe condition for persons thereon.

19. On or about July 15, 2018, at approximately 2:00 p.m., while plaintiff MARIA S. ZUNIGA, was a patron lawfully inside the aforementioned premises and was attempting to traverse an aisle inside the premises, when she was caused to trip and fall due to a defective pallet and be violently precipitated to and upon the pallet causing serious injuries.

20. That at said place and time plaintiff, MARIA S. ZUNIGA, was lawfully in and about said premises.

21. The occurrence above described was caused solely and wholly through the carelessness of the defendant, their agents, servants, and/or employees in the ownership, operation, maintenance, design, control, and management of the aforesaid premises, in that defendant: in creating dangerous and hazardous condition by the placement of the wooden pallet in a high volume pedestrian walking area; in negligently placing the wooden pallet in an area where pedestrians of the store frequent; failed to keep the premises reasonably safe for patrons lawfully thereon; in failing to remove the defective and broken wooden pallet from the aforesaid aisle; in permitting a dangerous and hazardous condition to exist on the floor of the aforesaid aisle; in failing to place any cautionary signs at the time in the aisle; in failing to inspect the wooden pallet for defects; in failing to inspect the aforesaid aisle; in creating a trap-like condition; in

failing to maintain the floor of the aisle; in failing to inspect the condition on the floor; in that defendant allowed the floor to be in an unreasonable condition; in allowing a dangerous and hazardous condition to exist in the pedestrian walking area; in creating a dangerous condition by leaving a pallet in an area where patrons walk and in an area where patrons are expected to lift water bottle cases; in placing a pallet in an area patrons will not be able to avoid; in failing to provide patrons with a safe passageway; in failing to take the necessary steps and measures to prevent the above mentioned location from being used while in said dangerous condition; in failing to take suitable and proper precautions for the safety of persons on and using said premises; in permitting said areas to remain in a defective and hazardous condition; in failing to comply and properly hire, train and/or supervise its agents, servants and/or employees; in failing to comply with he applicable statutes, rules, ordinances and regulations of the laws of the State of New York, and in otherwise being careless and negligent in the ownership, operation, maintenance, design, and management of the aforesaid premises and/or pallet. Plaintiff also relies on the doctrine of Res Ipsa Loquitor.

22. Upon information and belief, the defendants had written, actual and/or constructive notice of the aforesaid conditions and/or defects.

23. Upon information and belief, the defendant created a dangerous and/or hazardous condition on the premises.

24. Article 16 limitations on liability are not applicable herein.

25. That since the acts complained of herein occurred, plaintiff MARIA S. ZUNIGA, sustained exceedingly severe and serious bodily injuries, has suffered and will continue to suffer physical pain and mental anguish, and upon information and belief, some of her injuries will be of permanent nature, as a result of which she has been incapacitated in attending to her

usual vocation and will continue to be incapacitated in the future; she has been obliged to and did obtain medical attention in an endeavor to cure herself of her hurts and wounds; she may be compelled to undergo future surgery; she has expended and incurred liability and has lost and will lose diverse sums of money thereby, and plaintiff has been otherwise damaged, said damages in an amount that exceeds the jurisdictional limits of the lower courts.

**WHEREFORE**, the plaintiff deemed judgment against the defendant(s) on behalf of plaintiff MARIA S. ZUNIGA, in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with the costs and disbursements of this action.

Dated: Huntington, New York
       May 13, 2021

                                      Yours, etc.

                                      Robert E. Schleier, Jr., Esq.
                                      THE LAW OFFICE OF ROBERT
                                      E. SCHLEIER, JR., PLLC
                                      Attorneys for Plaintiff(s)
                                      52 Elm Street, Suite 2
                                      Huntington, New York 11743
                                      (631) 421-0700

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK  )
COUNTY OF SUFFOLK  )  ss.

MARIA S. ZUNIGA, being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed:

### SUMMONS AND VERIFIED COMPLAINT

and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
MARIA S. ZUNIGA

Sworn to before me
This 11th day of June, 2021

_____
NOTARY PUBLIC

ROBERT E. SCHLEIER, JR.
Notary Public, State of New York
Reg. No. 02SC8088877
Qualified in Suffolk County
My Commission Expires 2/8/23

FILED: SUFFOLK COUNTY CLERK 06/22/2021 10:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 611845/2021
RECEIVED NYSCEF: 06/22/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------x   Index No.
MARIA S. ZUNIGA,

                                          Plaintiff,

    -against-

COSTCO WHOLESALE CORPORATION,

                                          Defendants.

**SUMMONS AND VERIFIED COMPLAINT**

**THE LAW OFFICE OF ROBERT E. SCHLEIER, JR. PLLC**
*Attorneys for Plaintiff(s)*
**52 Elm Street, Suite 2
Huntington, New York 11743
(631) 421-0700**